UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAR SAFADI, | Case No. C23-886-RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| CITY OF LYNNWOOD, | |
| Defendant. | |

Plaintiff Amar Safadi filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* ("IFP") against the City of Lynnwood, alleging that the Lynnwood Police Department wrongfully arrested and charged him for driving while license suspended 3rd degree and failing to stop/give info obey officer. Dkt. #5. Summons have not yet been issued. The Court has reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and reviewed Plaintiff's Objection (Dkt. #7) and finds that Plaintiff's Complaint must be dismissed for failing to state claim on which relief can be granted.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984); *Yacoub v. U.S.*, 2007 WL

ORDER OF DISMISSAL - 1

2745386 (W.D. Wash. 2007). This provision mandating dismissal applies to all *in forma pauperis* actions, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000)(en banc).

Plaintiff names the City of Lynnwood as the sole Defendant in his Complaint. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A municipality may be the subject of a § 1983 claim. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, Plaintiff must show that Defendant's employees or agents acted through an official custom or policy that permits violation of Plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91.

A municipality will not be liable for acts of negligence by its employees for an unconstitutional act by a non-policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

ORDER OF DISMISSAL - 2

Here, Plaintiff has not alleged Defendant's employees deprived him of his civil rights through an official custom or policy. Rather, the Complaint alleges that police officers involved "abused their power" and that the "City of Lynnwood failed to adequately train its police officers in basic constitutional law that any reasonable citizen would know." Dkt. #5 at 12. He does not explain how the alleged unlawful actions were in compliance with a custom or policy of the City, nor whether the City ratified the alleged unlawful conduct. Because he does not explain how the City's policies were the moving force behind the alleged constitutional violations, he has not stated a claim for which the Court can offer a remedy. *See Monell*, 436 U.S. at 690-91, 94.

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original Complaint by reference. The amended complaint will act as a complete substitute for the Complaint, and not as a supplement. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. Attachments will not be considered

ORDER OF DISMISSAL - 3

as a substitute for the amended complaint itself.  Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **August 4, 2023**, this case will be dismissed.

DATED this 12th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4