UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAR SAFADI, | Case No. C23-886-RSM |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT |
| v. | |
| CITY OF LYNNWOOD, | |
| Defendant. | |

Plaintiff Amar Safadi filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* ("IFP") against the City of Lynnwood, alleging that the Lynnwood Police Department wrongfully arrested and charged him for driving while license suspended 3rd degree and failing to stop/give info obey officer. Dkt. #5. Summons have not yet been issued.

On July 12, 2023, the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and reviewed Plaintiff's Objection (Dkt. #7), and found that Plaintiff's Complaint must be dismissed for failure to state claim on which relief can be granted. Dkt. #14. The Court ordered Plaintiff to file an amended complaint on or before August 4, 2023, and if Plaintiff either failed to file an amended complaint or failed to adequately address the issues raised in the Court's Dismissal Order the Court would dismiss the case. *Id.* On July 20, 2023, Plaintiff filed a timely Amended Complaint, however Plaintiff's Amended Complaint still fails to state a claim on which relief can

ORDER DISMISSING AMENDED COMPLAINT - 1

be granted against Defendant City of Lynnwood for the reasons stated below. Dkt. #15. The Court therefore DISMISSES Plaintiff's case.

As stated previously, once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984); *Yacoub v. U.S.*, 2007 WL 2745386 (W.D. Wash. 2007). This provision mandating dismissal applies to all *in forma pauperis* actions, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc).

The Court dismissed Plaintiff's original Complaint because he only named the City of Lynnwood as a Defendant but failed to state how the municipality could be liable under 42 U.S.C. § 1983. Again, a municipality may be the subject of a § 1983 claim. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, Plaintiff must show that Defendant's employees or agents acted through an official custom or policy that permits violation of Plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91.

In Plaintiff's 15-page Amended Complaint, the first eight pages are identical to Plaintiff's original Complaint. *Compare* Dkt. #15, *with* Dkt. #5. Plaintiff continues to only bring "this civil rights action on behalf of himself against the Lynnwood Policy Department." Dkt. #15 at 1. Plaintiff has added additional claims and supporting facts in Section IV, however, those additional claims and facts are not directed at the only named Defendant—the City of Lynnwood.

ORDER DISMISSING AMENDED COMPLAINT - 2

*See Id.* at 8–10. Plaintiff only includes more allegations against purported Lynnwood police officers. Plaintiff still does not allege that said officers deprived him of his civil rights through an official custom or policy. As explained in the Court's prior order, a municipality will not be liable for acts of negligence by its employees for an unconstitutional act by a non-policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989). Plaintiff does not explain how the alleged unlawful actions were in compliance with a custom or policy of the City, nor whether the City ratified the alleged unlawful conduct. Because he does not explain how the City's policies were the moving force behind the alleged constitutional violations, he has not stated a claim for which this Court can offer a remedy. *See Monell*, 436 U.S. at 690-91, 94.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED and this case is CLOSED.

DATED this 9th day of August, 2023.

　　　　　　　　　　　　　　　　RICARDO S. MARTINEZ
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

ORDER DISMISSING AMENDED COMPLAINT - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER DISMISSING AMENDED COMPLAINT - 4